IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ROVER PIPELINE LLC,** | ) |
| *Plaintiff,* | ) Case No.: 3:17-CV-00225 |
| vs. | ) Judge James G. Carr |
| **BRIAN D. ROHRS,** *et al.* | ) Magistrate: James R. Knepp, II |
| *Defendants.* | ) |

## AGREED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(C), by agreement of the parties and by order of the Court, the following protective order to limit disclosure of certain information provided during discovery is entered in this matter:

**IT IS HEREBY ORDERED** that:

1. "Confidential Information" means materials or information the Designating Party has a good faith belief contains trade secrets, proprietary information or other personal or business Confidential Information subject to protection under Rule 26(C) of the Federal Rules of Civil Procedure, and which is disclosed during the course of discovery in this action, whether or not disclosed through document production or written discovery, or through deposition. "Confidential Information" shall not include information that is obtained from publicly available sources or from federal, state or local government records available to the general public.

2. A Party may also designate confidential materials as "Attorneys' Eyes Only" after making a good faith determination that the material or information includes Confidential Information which, if disclosed, could result in injury or harm to the designating Party's business interests. The "Attorneys' Eyes Only" designation is an exceptional designation to be used in good faith to protect Confidential Information that meets the above-identified criteria.

3. Materials or information may be designated "Confidential" and/or "Attorneys' Eyes Only" in accordance with the provisions set forth below. The designation of confidentiality shall be in writing on the face of a document (by marking such documents as "Confidential" and/or "Attorneys' Eyes Only" in a place or manner that avoids any interference with the legibility of the material) or other material, or orally on the record for testimony, and then on the face of any transcript of such testimony, or in any other way reasonably calculated to give actual notice of a confidential designation. The designation of such Confidential Information may be made at the time it is given in writing, at the time of testimony, or within ten (10) days after receipt of a transcript of proceedings. Access to designated Confidential Information shall be restricted to the following persons:

    i. To the Plaintiff and Defendant for purposes of this action only;

    ii. To the Plaintiff's and Defendants' attorneys, including any necessary paralegal assistants and other clerical personnel employed by counsel, for carrying out their respective duties in connection with this action;

    iii. To testifying or consulting experts whose assistance is necessary for purposes of litigating this action, to the extent necessary in order to furnish such assistance; and

        iv.        To the Court (or its agents or employees), including introducing documents into evidence with leave to withdraw.

4.        Information designated "Attorneys' Eyes Only" shall not be disclosed to any persons other than "counsel of record" as identified in above Paragraph 3(ii)-(iii). Notwithstanding the foregoing, this Order shall not bar any attorney, identified in paragraph 3(ii)-(iii), in the course of rendering advice to his or her client from relying upon his or her examination of "Attorney's Eyes Only" material produced or exchanged herein; provided, however, that in rendering advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents or substance of any "Attorney's Eyes Only" material produced by another Party herein unless otherwise permitted by the terms of this Order or subsequent order of the Court.

5.        Any party may object to the designation of any document as "Confidential" and/or "Attorneys' Eyes Only". Should the Parties be unable to resolve the objection to the designation informally, then the objecting Party may move for an order determining whether the materials are properly designated. Until the Court rules to the contrary, all materials designated "Confidential" and/or "Attorneys' Eyes Only" shall be treated as prescribed in this Agreed Order.

6.        In the event any protected materials are disclosed to any experts or consultants, such disclosure must be made subject to all restrictions contained in this Order. Accordingly, if protected materials are disclosed to any experts or consultants, the person to whom the materials are disclosed shall state his or her consent in writing (in the form of an Acknowledgement attached hereto as Exhibit A) to be bound by the terms of this Protective Order.

7.        Confidential Information so designated shall not be filed with the Clerk of Court or included in whole or in part in transcripts, pleadings, motions, or briefs except under seal and,

when so filed, shall be opened only by personnel authorized by this protective order, or otherwise authorized by this Court. The Clerk of Court shall, upon final determination of this action, return to the filing party all documents and information filed under seal.

8. Confidential Information disclosed pursuant to this protective order shall be used only for purposes of this litigation. Documents or other materials containing Confidential Information shall be copied only to the extent needed for this litigation; and upon completion or termination of this litigation, all such documents or other materials (including all copies thereof) shall be returned to the party producing them or destroyed. In the event a party wishes to destroy such documents or other materials, the parties hereto shall agree in writing to said destruction in lieu of return, and counsel shall certify in writing as to the destruction of said materials.

9. After the final determination of this action, all restrictions on communication and disclosure of Confidential Information provided for in this protective order shall remain in full force and effect. This order shall remain binding on the parties, their respective attorneys, and all other persons who have received Confidential Information or documents pursuant to its terms. The Court shall retain jurisdiction to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate.

10. Nothing in this Stipulation and Protective Order shall be deemed or construed to be a waiver by either party of its right to object on any grounds to the use of any Confidential Information, or any portions thereof, at the trial of this matter.

11. No provision of this protective order shall preclude the parties from agreeing in writing as to any other handling of any Confidential Information. Nor shall it preclude any party from seeking in the future an order of this Court modifying this protective order with respect to

particular information designated as confidential; provided, however, that such party shall notify the other party at least ten (10) days prior to seeking such modification.

      12.    The inadvertent disclosure of protected communications or information shall not constitute a waiver of any privilege or other protection (including work product) if the Producing Party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure. The Producing Party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure if that party utilized either attorney screening, keyword search term screening, advanced analytical software applications and/or linguistic tools in screening for privilege, work product or other protection. In the event of the inadvertent disclosure of protected materials, the Producing Party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within thirty (30) days from the date that the inadvertent disclosure was discovered or brought to the attention of the Producing Party, the Producing Party notifies the Receiving Party of the inadvertent disclosure and instructs the Receiving Party to promptly sequester, return, delete, or destroy all copies of the inadvertently produced communications or information (including any and all work product containing such communications or information). Upon receiving such a request from the Producing Party, the Receiving Party shall promptly sequester, return, delete, or destroy all copies of such inadvertently produced communications or information (including any and all work product containing such communications or information), and shall make no further use of such communications or information (or work product containing such communications or information). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client, work product, or other designation of protection.

13.     This Protective Order shall be binding upon the parties hereto, their successors, representatives and assigns, as well as all counsel for the parties hereto and their paralegals and office employees.

**(REMAINDER OF PAGE PURPOSEFULLY LEFT BLANK)**

**IT IS SO STIPULATED.**

Dated: March __6th__, 2017.

          /s/ James G. Carr
**James G. Carr**

**AGREED:**

/s/ *Michael Braunstein* (per email authorization)
Michael Braunstein, Esq. (0060898)
Clinton P. Stahler, Esq. (0092560)
Matthew L. Strayer, Esq. (0092068)
Goldman & Braunstein, LLP
500 South Front Street, Suite 1200
Columbus, OH 43215
braunstein@gblegal.net
stahler@gblegal.net
strayer@gblegal.net

and

Larry H. James, Esq. (0021773)
Crabbe Brown & James, LLP
500 South Front Street, Suite 1200
Columbus, OH 43215
ljames@cbjlawyers.com

and

Gregory M. Travalio, Esq. (0000855)
Mark Landes, Esq. (0027227)
Isaac Wiles Burkholder & Teetor, LLC
2 Miranova Place, Suite 700
Columbus, OH 43215
gtravalio@isaacwiles.com
mlandes@isaacwiles.com
*Attorneys for Defendants Stanley L. Kaldor and Janet Susan Kaldor*

/s/ *Gregory D. Brunton*
Gregory D. Brunton (0061722)
(Trial Attorney)
Daniel J. Hyzak     (0091298)
Bruce A. Moore     (0093334)
Justin J. Koterba     (0086535)
Daniel L. Bey     (0088543)
**REMINGER CO., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio  43215
Tel:  (614) 228-1311
Fax:  (614) 232-2410
Email: gbrunton@reminger.com
Email: dhyzak@reminger.com
Email: bmoore@reminger.com
Email: jkoterba@reminger.com
Email: dbey@reminger.com
*Counsel for Rover Pipeline LLC*

/s/ *Craig J. Wilson* (per email authorization)
J. Richards Emens (0012198)
Craig J. Wilson (0090526)
Emens and Wolper Law Co., LPA
1 Easton Oval, Suite 550
Columbus, OH 43215
Telephone: (614) 414-0888
Facsimile: (614) 414-0898
demens@emenswolperlaw.com
cwilson@emenwolperlaw.com

and

*/s/Dale H. Markowitz* (per email authorization)
Dale H. Markowitz (#0016840)
David M. Ondrey (#00168750)
100 7th Avenue, Suite 150
Chardon, Ohio 44024
Telephone: (440) 285-2242
Facsimile: (440) 285-9423
E-mail: DMarkowitz@tddlaw.com
E-mail: DOndrey@tddlaw.com
*Attorneys for Defendants Hidden Valley Outdoors Co., Extreme Contracting, LLC, Paul J. Melanko, Jr., J. Joseph Munjas, Henderson Family Farm Enterprises, Ltd. and Clara B. Yoder and Norman C. Yoder*

/s/ *Gregory W. Watts* (per email authorization)
Scott M. Zurakowski (0069040),
Gregory W. Watts (0082127),
William G. Williams (0013107), and
Mathew W. Onest (0087907), of
KRUGLIAK, WILKINS, GRIFFITHS
& DOUGHERTY CO., L.P.A.
4775 Munson Street NW/PO Box 36963
Canton, Ohio 44735-6963
Phone: (330) 497-0700/Fax: (330) 497-4020
Email: szurakowski@kwgd.com
Email: gwatts@kwgd.com
Email: bwilliams@kwgd.com
Email: monest@kwgd.com
*Attorneys for Defendants Robert Shugert, Eagle Creek Farm Properties, Inc., and Rock Ridge Properties, Inc.*

*/s/ Charles H. Bean* (per email authorization)
Charles H. Bean, Esq.(0007119)
Thornburg & Bean
113 W. Main Street
PO Box 96
Telephone: 740 695 0532
Fax: 740 695 8039
Email: cbean_tbg@sbcglobal.net
*Attorney for Stephen Rubel, Dale I. Rubel, Josephine Brinker, Mary Jane Brown, and June Schlitzauner and other Defendants*

Thomas D. White, Esq. (0003217)
Matthew A. Kearney Esq. (0095161)
White Law Office, Co.
209 N. Washington Street
Millersburg, OH 44654
Telephone: (330) 231-1195
Facsimile: (888) 711-9210
tdw@thewhitelawoffice.com
mak@thewhitelawoffices.com
*Attorney for Defendants Kimberly L. Florence, Shane Florence, Danny Stewart, Jr., Stacy R. Stewart, and various other Defendants.*

*/s/ Thomas H. Fusonie* (per email auth.)
Thomas H. Fusonie (0074201)
Joseph R. Miller (0068463)
Daniel E. Shuey (0085398)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, P.O. Box 1008
Columbus, OH 43216-1008
Telephone: (614) 464-6400
Facsimile: (614) 719-4630
thfusonie@vorys.com
jrmiller@vorys.com
deshuey@vorys.com
*Counsel for the Kiko, Kerr and Clark-Reyna Defendants*

*/s/ Erik Schramm Sr.* (per email authorization)
Erik Schramm Sr., Esq. (0071690)
46457 National Rd W,
St. Clairsville, OH 43950
Telephone: (740) 695-1444
Facsimile: (740) 695-1563
EASchramm@ohiovalleylaw.com

8

/s/ Kara H. Herrnstein (per email authorization)
Kara H. Herrnstein (0088520)
TRIAL ATTORNEY
Daniel C. Gibson (0080129)
Mathew W. Warnock (0082368)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215
(614) 227-4908
(614) 227-2390 (facsimile)
kherrnstein@bricker.com
dgibson@bricker.com
mwarnock@bricker.com
Counsel for Defendant Gulfport Energy Corp

*/s/ Andrew P. Lycans (per email authorization)*
Andrew P. Lycans (S.Ct. #0077230)
225 North Market Street, P.O. Box 599
Wooster, Ohio 44691
Phone: 330-264-4444; Fax 330-263-9278
E-mail: lycans@ccj.com
*Attorney for Defendants CVU Enterprises, Ltd.,*
*Timothy and Carol Frye, Ronnie and Betty Keevert, Brian Rudy, William and Vickie Thomas, WGPP Outdoors, LLC, Russell Wiley, Scott Wiley, and Ted Wiley*

*/s/ Michael D. Dortch per email authorization*
Michael D. Dortch
**Kravitz, Brown & Dortch, LLC**
65 East State Street
Suite 200
Columbus, OH 43215
Phone: 614.464.2000
Fax: 614.464.2002
mdortch@kravitzllc.com
*Counsel for Counsel for Defendants Known as The Midwest Landowers Group, including James Rawson, Sr., James Rawson, Jr., Robert J. and Virginia Lee Jones, Lenny Dye, Eric Dye, Robert and Jacqueline Wellington, Samuel C. and Christine A. Davis, Fleagle Enterprises LLC, Robert and Marlene McDonald, Chad McDonald, Rob Greiner and Kenneth and Sandra Dorsey*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed with the Clerk of the Court using the CM/ECF electronic system and that all Parties were served electronically by the Court's CM/ECF electronic system on this 6th day of March, 2017.

/s/ *Gregory D. Brunton*
Gregory D. Brunton  (0061722) (Trial Attorney)
Daniel J. Hyzak     (0091298)
Bruce A. Moore      (0093334)
Justin J. Koterba   (0086535)
Daniel L. Bey       (0088543)